FILED
JAMES BONINI
CLERK

2009 OCT 13 P 12: 25

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST DIV. COLUMBUS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL McENDREE<br>50896 Rose Valley Rd.<br>Saint Clairsville, OH 43950<br><br>and<br><br>TERRA E. McENDREE<br>50896 Rose Valley Rd.<br>Saint Clairsville, OH 43950<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL ENTERPRISE SYSTEMS<br>29125 Solon Rd.<br>Solon, Ohio 44139<br><br>and<br><br>JANE DOE, one or more officers and/or and/or employees of National Enterprise Systems<br><br>Defendants. | CASE NO. 2:09 cv 902<br><br>JUDGE: JUDGE HOLSCHUH<br>MAGISTRATE JUDGE KEMP<br><br>**COMPLAINT: UNLAWFUL DEBT COLLECTION PRACTICES, AND INVASION OF PRIVACY**<br><br><br><br>**JURY DEMAND ENDORSED HEREON** |

## I. JURISDICTION

1. This Court has jurisdiction under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k, and pursuant to the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.

## II. INTRODUCTION

2. This action challenges unfair and deceptive collection practices and seeks statutory remedies pursuant to the FDCPA, 15 U.S.C. § 1692k, et. seq. the Ohio

Consumer Sales Practices Act ("OCSPA"), O.R.C. §§ 1345.01 *et. seq.*, and common law invasion of privacy.

### III. PARTIES

3. Plaintiff Michael McEndree ("Mr. McEndree") is a person residing in Belmont County Ohio.

4. Plaintiff Terra E. McEndree ("Mrs. McEndree") is a person residing in Belmont County Ohio.

5. Plaintiff Michael McEndree and Plaintiff Terra E. McEndree are collectively "Plaintiffs."

6. Defendant National Enterprise Systems ("Defendant NES") is a debt collector whose office is located in the State of Ohio defined in 15 U.S.C. § 1692a(4) and is a supplier as defined in O.R.C. § 1345.01(C).

7. Defendants Jane Doe is an employee of Defendant NES, and is a debt collectors as defined in 15 U.S.C. § 1692a(4), and a supplier as defined in O.R.C. § 1345.01(C) whose identity and address is unknown at this time.

8. At all times relevant herein, Defendant Jane Doe acted within the scope of his authority for Defendant NES.

9. Defendant NES and Defendant Jane Doe are collectively known as "Defendants."

### IV. STATEMENT OF THE FACTS

10. On or about April 20, 2009, Defendant Jane Doe called Plaintiffs' residents because Mr. McEndree co-signed on a student loan for his son, and his son defaulted on the loan.

11. Mr. McEndree was not home, and was working at the time of the call.

12. Mrs. McEndree, who was not a co-signer on the loan or otherwise obligated to pay it, answered the phone.

2

13. Defendant Jane Doe made various statements to Mrs. McEndree, including the following:

   a. Plaintiffs need to pay the consumer debt by 4:00 p.m. that day.

   b. If the consumer debt was not paid by 4:00 p.m. that day, Mr. McEndree's wages and their property would be attached.

   c. Mr. McEndree could charge the consumer debt on his credit cards.

   d. Plaintiffs' credit score had significantly decreased as a result of the consumer debt.

13. Mrs. McEndree, in a panic, called Mr. McEndree, who realized that his wife was so upset that he needed to go home, and he took off the remainder of the day.

14. Mr. McEndree consoled his wife, and hired Attorney Michael P. McCormick to look into the matter on his behalf.

15. Defendants actions and inactions were wanton, willful, and/or in reckless disregard of Plaintiffs' rights.

16. As a result of Defendants' actions and inactions, Plaintiffs incurred out-of-pocket and non-economic damages including, embarrassment, anxiety, fear, mental anguish/emotional distress, loss of sleep, humiliation, worry, outrage, and anger.

## V. FIRST CLAIM FOR RELIEF (FDCPA)

27. Plaintiffs reallege and incorporate all of the above allegations.

28. Defendants, jointly and severally, violated Plaintiffs' rights under the FDCPA in various ways, including, but not limited to:

   a. Contacting Mrs. McEndree for purposes other than obtaining location information in violation of 15 U.S.C. § 1692c(b).

3

    b. Engaging in conduct the natural consequence of which is to harass, oppress, and/or abuse Plaintiffs in violation of 15 U.S.C. § 1692d.

    c. Using false, deceptive, and/or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e.

    d. Engaging in unfair or unconscionable means to collect or attempt to collect debts 15 U.S.C. § 1692f.

29. As a result of Defendants' actions and inactions, Plaintiffs are entitled to monetary relief pursuant to 15 U.S.C. §1692k(a).

## VI. SECOND CLAIM FOR RELIEF (OCSPA)

30. Plaintiffs reallege and incorporate all of the above allegations.

31. At all times mentioned herein, Defendants were attempting to collect debts for primarily personal, family or household purposes.

32. Defendants knowingly committed unfair, deceptive and unconscionable acts and/or practices in violation of O.R.C. §§1345.02 and/or 1345.03.

33. As a result of Defendants' actions and inactions, Plaintiffs are entitled to relief as provided for by O.R.C. §1345.09.

## VII. THIRD CLAIM FOR RELIEF (INVASION OF PRIVACY)

34. Plaintiffs reallege and incorporate all of the above allegations.

35. Defendants' actions and inactions constitute a violation of common law invasion of privacy. *See, Housh v. Pleth*, 156 Ohio St. 35 (1956).

36. Defendants' actions and inactions were intentional, wanton, and/or in reckless disregard for Plaintiffs' rights.

37. As a result of Defendants' actions and inactions, Plaintiffs are entitled to actual and punitive damages based upon common law invasion of privacy.

4

## VIII. DEMAND FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, for:

- A) Monetary relief pursuant to 15 U.S.C. §1692k(a), and O.R.C. §1345.09;
- B) Actual damages for invasion of privacy;
- C) Declaratory and injunctive relief pursuant to O.R.C. §1345.09;
- D) Punitive damages;
- E) Reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a)(3) and O.R.C. § 1345.09(F)(2);
- F) Costs of this action; and,
- G) Such other relief as this Court finds just and necessary.

*[signature]*
Edward A. Icove (0019646)
Carole O. Heyward (0061750)
Icove Legal Group, Ltd.
Terminal Tower, Suite 627
50 Public Square
Cleveland, Ohio 44113
Phone (216) 802-0000; fax (216) 802-0002
ed@icovelegal.com
ch@cheyward.com
Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs demand a trial by jury in this case.

*[signature]*
Edward A. Icove – 0019646
Attorney for Plaintiffs

5