```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION


Michael McEndree, et al.,      :

        Plaintiffs,             :

   v.                           :   Case No. 2:09-cv-902

                                :   JUDGE HOLSCHUH
National Enterprise Systems,
et al.,                         :

        Defendants.              :
```

ORDER

On May 5, 2010, plaintiffs moved for leave to file an amended complaint. Responsive and reply memoranda have been filed. For the following reasons, the Court will grant the motion in part, and deny it in part.

I. The Proposed Amended Complaint

As described in the Court's preliminary pretrial order, this is a Fair Debt Collection Practices Act case. Plaintiffs claim that defendants violated the Act in the course of a telephone call to their residence in which prohibited information and threats were conveyed. The complaint also asserts two state law claims.

In the motion to amend, which was timely filed under the preliminary pretrial order, plaintiffs seek, first, to identify more precisely the debt collector defendant named in the original complaint as "Jane Doe." The proposed amended complaint pleads that the debt collector who placed the telephone call to plaintiffs' residence was an individual named Linda Saleh, who is allegedly an employee of defendant National Enterprise Systems. Plaintiffs also see to revise paragraph 13 of the complaint. As initially pleaded, paragraph 13 states that four different

actionable representations were made during the telephone call in question.  The proposed amended complaint drops the fourth of these allegations.

## II. Defendants' Position

Despite the straightforward nature of these two proposed revisions to the complaint, defendants oppose the motion.  In their responsive memorandum, they argue that the statute of limitations on plaintiffs' FDCPA claim expired on April 20, 2010, because the telephone call which is the subject of the claim took place one year earlier.  Defendants contend that the amendment would not "relate back" to the date the case was filed because the requirements for such "relation back," as set forth in Fed.R.Civ.P. 15(c), cannot be satisfied here.  They also assert that plaintiffs knew, through initial disclosures, of Ms. Saleh's identity at least twenty-three days before the statute of limitations expired, so that they could have moved for leave to amend the complaint within the one-year limitations period.  As the reply memorandum points out, defendants' response dose not address the other proposed amendment (the revision to paragraph 13), nor does it discuss the two state law claims, asserted under the Ohio Consumer Sales Practices Act and the Ohio common law of invasion of privacy, for which plaintiffs also seek to hold Ms. Saleh liable, and which have longer statutes of limitations.  Thus, the Court will construe defendants' position as opposing only the amendment of count one of the complaint to add Ms. Saleh as a defendant.

## III. Legal Analysis

Fed.R.Civ.P. 15(a) provides that a court should freely grant motions for leave to amend.  The normal considerations subsumed within that rule - undue delay, bad faith, or dilatory motive - are not implicated by defendants' response.  Rather, they argue that, at least as it relates to naming Ms. Saleh as a defendant

to the FDCPA claim, the amendment would be futile because the statute of limitations has run.  Futility of the amendment is a proper ground for denying a motion for leave to amend.  See Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.1989).  Therefore, the Court will consider the merits of defendants' arguments that any claim against Ms. Saleh under the FDCPA would be subject to a successful statute of limitations defense.

Fed.R.Civ.P. 15(c), as it relates to this situation, reads as follows:

> **(c) Relation Back of Amendments.**
>
> **(1) When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (I) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Plaintiffs do not argue that subsection (A) applies.  However, they contend that the amendment will relate back under

subsections (B) and (C), or, at the least, that defendants have not satisfactorily demonstrated that the requirements of these subsections have not been satisfied.  For the following reasons, the Court disagrees.

A few of the Rule 15(c) factors are not in dispute.  The amendment does, as subsection (B) requires, set out a claim that arises out of the same transaction which gave rise to the original claims in the complaint.  Further, there is no affirmative evidence that, within the time frame set forth in subsection (C) (120 days from October 13, 2009) Ms. Saleh either received notice of the claims in this case or knew she might be named as a party.  The parties disagree with respect to the remaining factors.

According to defendants, the beginning point of the analysis of a Rule 15(c) relation back issue, as it relates to the naming of a party initially described as a "John (or Jane) Doe," is set out in the Court of Appeals' decision in <u>Cox v. Treadway</u>, 75 F.3d 230 (6th Cir. 1996).  There, the Court rejected the argument that naming a "Doe" party is a substitution of parties to which Rule 15(c) does not apply. Rather, the Court of Appeals held that such an action is a "change of parties, not a mere substitution of parties," and that "the requirements of Fed.R.Civ.P. 15(c) must be met in order for the amendment adding the named defendant to relate back to the filing of the original complaint." <u>Cox</u>, 75 F.3d at 240. <u>Cox</u> also concluded that replacing a "Doe" party with a named party can never satisfy those requirements, because naming a "Doe" party instead of the actual party is not a "mistake concerning the proper party's identity" – an absolute prerequisite to the application of Rule 15(c).

The correctness of that latter holding, and the force of <u>Cox</u> as binding precedent, have been questioned by some district courts within this Circuit.  See, e.g., <u>Dailey v. Monte</u>, 26

-4-

F.Supp. 2d 984 (E.D. Mich. 1998) (declining to follow Cox on grounds that it is inconsistent with a prior Court of Appeals decision, Berndt v. State of Tennessee, 796 F.2d 879 (6th Cir. 1986)). Thus, there are decisions which simply do not apply Cox in the context of naming parties previously identified as "Does," instead considering the other factors set forth in Rule 15(c) in determining whether the amendment relates back under those circumstances. See, e.g., Garretson v. City of Madison Heights, 2005 WL 3447873 (E.D. Mich. December 15, 2005).

That does not appear to be the predominant approach within this circuit, however. Most district courts have applied Cox to this exact situation and have held that the requirements of Rule 15(c) cannot be satisfied "where the caption of an original complaint refers to 'John Doe' officers and, after the expiration of the applicable limitations period, an amended complaint specifically names those officers." See Dye v. City of Warren, 367 F.Supp. 2d 1175, 1183 (N.D. Ohio 2005); see also Pierce v. Hamblen County, Tenn., 209 WL 2996333, *2 (E.D. Tenn. September 16, 2009). This Court appears to have followed suit. See, e.g., Stanley v. Malone, 2009 WL 485491, *4 (S.D. Ohio February 26, 2009) (Holschuh, J.); see also Shaw v. Total Image Specialists, 2010 WL 1390470, *7 (S.D. Ohio April 1, 2010) (Graham, J.).

The Cox rule is not an "outlier." Rather, it appears to be applied in most other circuits. See, e.g., Schwartz v. Town of Plainville, 483 F.Supp. 2d 192, 194-95 (D. Conn. 2007) (applying rule that if the plaintiffs failed to name defendants "not because they made a mistake within the meaning of Rule 15(c), but rather, because they did not know the individuals' identities," the amendment cannot relate back), citing, inter alia, Aslanidis v. U.S. Lines, 7 F.3d 1067, 1075 (2d Cir. 1993); Broner v. Flynn, 311 F.Supp. 2d 227, 236 (D. Mass. 2004), citing Wilson v. United States, 23 F.3d 559 (1st Cir. 1994). In fact, as noted in

-5-

Garrett v. Fleming, 362 F.3d 692, 696 (10th Cir. 2004), as of that date, such an interpretation of Rule 15(c) "is in line with the prevailing law in seven of the eight circuits to have considered this issue" - the only exception being Singletary v. Pa. Dept. of Corrections, 266 F.3d 186 (3d Cir. 2000). The Court of Appeals for this circuit, in an unpublished decision, has declined to adopt the minority view expressed in Singletary and has reaffirmed the holding in Cox. Moore v. Tennessee, 267 Fed.Appx. 450, 456 (6th Cir. March 3, 2008). Under these circumstances, this Court concludes that plaintiffs were not, when they filed the complaint, "mistaken" as to the identity of the person who called them, but they simply did not know her name. Thus, the Court holds, as did the court in Pierce, supra, that "any effort to amend the complaint and bring [a "Jane Doe" party] into the lawsuit would be futile." Consequently, the motion to amend must be denied as it relates to adding Ms. Saleh as a defendant to the FDCPA claim

### IV. Disposition

For the foregoing reasons, plaintiffs' motion for leave to amend (#16) is granted in part and denied in part. Plaintiffs are granted leave to file an amended complaint that conforms to this order and which is identical in form to the proposed amended complaint attached to the motion, with the exception that it may not identify new party defendant Linda Saleh as a defendant to count one of the amended complaint. Any such amended complaint shall be filed within fourteen days of the date of this order.

### V. Procedure on Objections

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or

part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge